**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TAMMIE COBB,<br>　　*Plaintiff*, | |
| v. | No. 3:21-cv-00854 (JAM) |
| STATE OF NEW HAMPSHIRE HOSPITAL,<br>　　*Defendant*. | |

## ORDER TO SHOW CAUSE WHY
## COMPLAINT SHOULD NOT BE DISMISSED

Plaintiff Tammie Cobb has filed a *pro se* and *in forma pauperis* complaint against

defendant State of New Hampshire Hospital. It appears from my initial review that the complaint

is subject to dismissal. But before dismissing the complaint, I will allow the plaintiff an

opportunity to file a response to explain why her complaint should not be dismissed or to file an

amended complaint that overcomes the concerns set forth in this ruling.

### BACKGROUND

The complaint alleges that the hospital terminated Cobb's employment in April 2018.[1] It

states that Cobb's claim arises under the Americans with Disabilities Act and that the hospital

"failed to accom[m]odate, as I was one week from becoming a Certified Mental Health Worker

II."[2] The complaint further states that Cobb's employment was terminated after she was asked to

state whether she had any allergies and she responded that she was allergic to albuterol.[3] The

complaint does not seek injunctive relief or reinstatement but seeks backpay and money

damages.[4]

---

[1] Doc. #1 at 2.
[2] *Ibid*.
[3] *Id.* at 3.
[4] *Id.* at 4-5.

**DISCUSSION**

This Court has authority to review and dismiss a complaint if it is "frivolous or malicious," if it "fails to state a claim on which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). If a plaintiff is a *pro se* litigant, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See, e.g.*, *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish at least plausible grounds for a grant of relief. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Cobb may promptly respond or file an amended complaint that addresses these concerns.

From my initial review of the complaint, it appears to be subject to dismissal for at least two reasons. First, although Cobbs seeks relief under the Americans with Disabilities Act, she does not allege any facts to suggest that she has a disability. Under the Act, a person is disabled if she has "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) [she is] regarded as having such an impairment." 42 U.S.C. § 12102(1). The complaint does not allege any facts about Cobb's medical condition other than that she is allergic to albuterol.

Second, the State of New Hampshire Hospital is a state government entity. The State of New Hampshire and its entities have immunity under the Eleventh Amendment to the U.S.

2

Constitution from federal court claims alleging employment disability discrimination under the Americans with Disabilities Act. *See, e.g., Barrett-Browning v. Connecticut Dep't of Correction*, 2019 WL 3412173, at *3 (D. Conn. 2019); *Frederick v. New Hampshire*, 2017 WL 1843080 (D.N.H. 2017).

Even assuming that the complaint alleged plausible grounds for relief, it appears that the complaint should be filed in New Hampshire rather than in Connecticut, because the complaint alleges that the acts for which Cobb seeks to hold the hospital liable all occurred in New Hampshire. Federal venue law states in relevant part that a civil action may only be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1)-(2). If Cobb chooses to file an amended complaint that does not allege any conduct occurring in Connecticut, she should consider whether to file the complaint in a court in New Hampshire rather than in this Court.

## CONCLUSION

For the reasons stated above, it appears that the complaint is subject to dismissal. The Court will allow Cobb an opportunity to file a response by **July 8, 2021** to explain why this action should not be dismissed or to file by that date an amended complaint that sets forth factual allegations that overcome the concerns stated in this ruling.

It is so ordered.

Dated at New Haven this 24th day of June 2021.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge